UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

JOHN DOE,

                Plaintiff,          Case No. 1:17-cv-06656

    v.

LAW SCHOOL ADMISSION COUNCIL, INC.,
A Delaware corporation.

                Defendant.

---

## COMPLAINT FOR INJUNCTION AND DAMAGES

The Plaintiff, John Doe, by and through his attorney M. James Salem, seeks injunctive relief, pursuant to 42 U.S.C. § 12188(a)(2) and 42 U.S.C. § 2000a-3, against the Law School Admission Council, Inc. ("LSAC"), under 42 U.S.C. § 12189, for accommodations pursuant to 28 C.F.R. Part 36, as well as Damages, and states the following:

## NATURE OF THE ACTION

1. This action is brought by Plaintiff, who is a prospective law school student with a disability within the meaning of 42 U.S.C. § 12102, under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181 *et seq*. and § 12189, and 28 C.F.R. Part 36, against LSAC for injunctive relief under 42 U.S.C. § 12188(a)(2) and 42 U.S.C. § 2000a-3, to compel LSAC to provide the requested accommodations.

2. LSAC failed to administer the Law School Admission Test (LSAT) in a manner accessible to Plaintiff, in violation of 42 U.S.C. § 12189, by: (1) failing to provide testing accommodations so as to best ensure that test results reflect aptitude rather than disability, (2) unreasonably discounting expert doctors and qualified professionals' diagnosis, their documentations and their recommended accommodations for Plaintiff, (3) failing to

give considerable weight to documentation of past testing accommodations received in similar testing situations. LSAC also has failed to provide Plaintiff with the full and equal enjoyment of its goods, services, facilities, privileges, advantages, and accommodations.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 42 U.S.C. §§ 12181 *et seq*. and § 12189 and 28 U.S.C. §§ 1331 and 1345. This Court has authority to grant injunctive relief, pursuant to 42 U.S.C. § 12188(a)(2) and 42 U.S.C. § 2000a-3.

4. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## THE PARTIES

5. Plaintiff, John Doe, is a prospective law student with a disability, within the meaning of 42 U.S.C. § 12102, seeking to take the LSAT with the accommodations all his doctors recommend, which are the same accommodations he received for standardized exams in high school and for the college entrance exam A.C.T.

6. Defendant LSAC is a Delaware non-profit corporation headquartered at 662 Penn Street, Newtown, Pennsylvania 18940. All law schools approved by the American Bar Association (ABA) are LSAC members. LSAC provides a number of services to its member law schools and to persons seeking admission to law school, including the administration of the LSAT, an examination related to applications for post-secondary education purposes within the meaning of 42 U.S.C. § 12189 and the Department of Justice's implementing regulation, 28 C.F.R. § 36.309. Among other things, LSAC administers,

manages, and proctors the LSAT multiple times each year at approximately 1,400 law schools, universities, and other venues across the United States, organizes and holds open invitation forums at hotels and universities for prospective law students, and conducts educational conferences at hotels and universities for law school professionals and prelaw advisors, making LSAC a public accommodation within the meaning of 42 U.S.C. § 12182 and the Department of Justice's implementing regulation, 28 C.F.R. Part 36. In addition, LSAC is a "person" that offers examinations related to applications for postsecondary education within the meaning of 42 U.S.C. § 12189 and a "private entity" that offers examinations related to applications for postsecondary education within the meaning of 28 C.F.R. § 36.309, the Department's implementing regulation.

## STATEMENT OF FACTS

7. LSAC administers the LSAT for all U.S. ABA-approved law schools. Applicants are required to take the LSAT in order to be eligible for admission to law school.

8. LSAC administers the LSAT four times a year and it is a half-day standardized test. The test consists of five 35-minute sections of multiple-choice questions, four of which are scored. A 35-minute writing sample is also administered. The writing sample is not scored but it is sent to law schools along with scores from the other sections.

9. Applicants with disabilities may seek testing accommodations on the LSAT pursuant to LSAC's policies, procedures, and practices. But those policies, procedures, and practices impose restrictions that are inconsistent with the requirements of the ADA and operate to discriminate against and exclude persons with disabilities, such as the Plaintiff herein.

10. The Plaintiff John Doe applied for the September 2016, and the December 2016,

LSAT and requested the same accommodations he received in high school for standardized exam, for his college entrance exam, the A.C.T., the same accommodations as in his Individualized Education Program (IEP) Report, and the same accommodations that his doctors recommend.

11. Plaintiff's requested accommodations, which LSAC failed to provide, is to take one section of the LSAT per day, starting at 9am to 5pm, with a one hour lunch break, in a distraction-free facility.

12. LSAC denied Plaintiff his requested accommodations by unreasonably and irrationally discounting Plaintiff's expert doctor, primary doctor and qualified doctors and professionals who evaluated Plaintiff for his IEP report. LSAC denied the recommended accommodations, without any doctors or qualified professionals providing contradicting diagnosis or accommodations.

13. LSAC failed to give considerable weight to documentation of Plaintiff's past testing accommodations received in similar testing situations. For example, page 12 of Plaintiff's IEP report shows that Plaintiff was giving standardized exams over multiple days, completing one section per day. In addition, Plaintiff testified he took the A.C.T. college standardized exam over multiple days, where he was given one section per day, as well as a distraction-free environment.

14. Throughout Plaintiff's entire medical and educational history, there is no doctor, qualified professional or any documentation that contradicts Plaintiff's diagnosis or the accommodations recommended for him, *and LSAC has not provided any in denying the requested accommodations*.

15. LSAC rejected Plaintiff's requested accommodations without any legitimate basis. It

discounted his doctors' reports, his high school doctors and professionals, who work for the school district and who generated Plaintiff's IEP report that provided the accommodations Plaintiff seeks from LSAC.

16. In other words, LSAC's rejection of Plaintiff's requested accommodations was completely baseless because it was made without having a doctor, or a qualified professional to refute any of the doctors or professionals who recommended the accommodations for Plaintiff in high school for standardized exams, for the college entrance exam, A.C.T. and currently for the LSAT.

17. The Dean of Admissions and the Director of Admission, for the law school Plaintiff applied to, knowing that Plaintiff was denied his requested accommodations for the September and December, 2016, LSAT, agreed to hold decision on Plaintiff's application for admission until Plaintiff took the June 2017, LSAT because it was believed that LSAC would provide the requested accommodations for the June test.  After having provided overwhelming evidence of the proper accommodations, there simply was no logical reason to believe that LSAC would not provide the requested accommodations for the June LSAT.  Yet, LSAC unjustifiably denied Plaintiff's requested accommodations again and, consequently, Plaintiff was not admitted in the Fall of 2017.

18. After rejecting Plaintiff's requested accommodations for the June 2017 exam, the LSAC gave Plaintiff *four (4) days to appeal* its rejection.  This was an unreasonable time frame because the basis of the rejection required an expert doctor to diagnose and evaluate Plaintiff to determine whether he still needs the same accommodations he had been receiving in high school.  Notwithstanding the fact that Plaintiff's primary doctor made an updated diagnosis and evaluation on February 10, 2017, where she confirmed that

5

Plaintiff still requires the accommodations he was receiving in high school for standardized exams.

19. In July, 2017, Plaintiff retained an expert doctor in his area of disability, who evaluated and thoroughly diagnosed Plaintiff. The expert doctor's report ultimately agreed with Plaintiff's primary doctor's diagnosis and she also formally diagnosed Plaintiff with Attention Deficit Disorder (ADD).

20. The expert doctor also agreed with Plaintiff's IEP report and all the doctors and professional who generated it over Plaintiff's four years of high school, as well as the accommodations they have been providing Plaintiff for standardized exams.

21. On August 1, 2017, Plaintiff applied again for the fourth time to take the September 2017, LSAT and, this time with an expert doctor's report, he applied for the accommodations that all his doctors recommended and all the high school doctors and professionals recommended and provided, as shown on page 12 of his IEP report. Plaintiff also provided his educational and medical record from college and high school, plus the expert doctor's July evaluation and her accommodations recommendation.

22. On August 7, 2017, after not hearing anything from LSAC, Plaintiff's counsel sent a letter to LSAC asking that it immediately submit the provided documents into its appeal process, should the requested accommodations be denied. This was done due to the time constraints and the fact that LSAC gave Plaintiff only four (4) days to appeal its rejection of the requested accommodations for the June, 2017, LSAT.

23. On August 11, 2017, Plaintiff and his father, with their own eyes, saw on Plaintiff's LSAC's website account a notice that said: a decision concerning the requested accom-

6

modations will be provided within "14 business days." Also on August 11, 2017, Plaintiff and his father, with their own eyes, saw on Plaintiff's LSAC website account that there was a blank letter, in pdf form, dated August 11, 2017, which was very strange (Plaintiff and his father will testify to this fact under oath in accompanying affidavits in support of Plaintiff's Motion for Partial Summary Judgment for Injunction).

24. On August 31, 2017, 14 business days later, for the first time a letter dated August 11, 2017, was posted with the writing in it that denied the requested accommodations, together with another letter dated August 31, 2017, with alternative accommodations that were not based on any doctor's recommendations or any IEP report.

25. The letter dated August 11, 2017, with the writing on it, was never posted online, and we never received it, until August 31, 2017. Also, the August 11, 2017 letter stated that Plaintiff had *24 hours to appeal* from the date the letter was "posted." The August 11, 2017, letter was posted on August 31, 2017, and Plaintiff filed his appeal on August 31, 2017 – the same day.

26. LSAC gave Plaintiff *four (4) days* to appeal its rejection for the June, 2017, LSAT accommodation ruling. No appeal was filed because LSAC required an expert doctor's evaluation. However, for the September 2017, LSAT, denial of accommodations decision, Plaintiff was given only *24 hours to appeal*. Thus, LSAC's time-to-appeal varies and it appears to be arbitrary. Nonetheless, it is an administrative time-to-appeal and not statutory where the appeal would be forfeited because the courts would have no discretion to allow it when the time limitation is statutory.

27. However, Plaintiff did appeal on time, within 24 hours, on August 31, 2017, which is when the denial letter dated August 11, 2017, was posted online.

28. LSAC has denied Plaintiff's appeal as untimely, as a pretext, to evade its legal obligation under the ADA.

29. In addition, exhaustion of administrative remedies is required under the ADA only if Plaintiff was seeking relief that is also provided under IDEA's core guarantee, which is a "free appropriate public education."[1] In this case, Plaintiff is not seeking any relief that is available under IDEA and thus, exhaustion of administrative remedies is not required. This is assuming that this Court finds Plaintiff has not exhausted his administrative remedies.

30. This action is based on LSAC denying Plaintiff's requested accommodations by unreasonably and irrationally discounting the opinions of Plaintiff's physicians and evaluators, and did not give considerable weight to his documentation of past testing accommodations received.

31. LSAC instituted a policy or practice of discriminating against individuals with disabilities, such as the Plaintiff herein, on the basis of disability by failing to administer the LSAT in an accessible manner, in violation of 42 U.S.C. § 12189 and 28 C.F.R. § 36.309.

---

[1] The IDEA's exhaustion requirement also applies to claims under the Constitution, the ADA, the Rehabilitation Act, and other federal laws protecting children with disabilities to the extent those claims seek relief "that is also available under [the IDEA]." 20 U.S.C. § 1415(l); Fry v. Napoleon Cmty. School, No. 15-497, 2017 WL 685533, at *8 (U.S. Feb. 22, 2017) ("Section 1415(l) requires that a plaintiff exhaust the IDEA's procedures before filing an action under the ADA, the Rehabilitation Act, or similar laws when (but only when) her suit 'seek[s] relief that is also available' under the IDEA."); J.B. ex rel. Bailey v. Avilla R-XIII School Dist., 721 F.3d 588, 592 (8th Cir. 2013) ("[B]efore parties may bring a claim in district court under a different statute for which they seek relief which is also available under the IDEA, the parties must first exhaust the administrative remedies under the IDEA."). After argument in this case, the Supreme Court held that "'relief that is also available' under the IDEA" means "relief for the denial of a FAPE, because that is the only 'relief' the IDEA makes 'available.'" Fry, 2017 WL 685533, at *8. Thus, "exhaustion is not necessary when the gravamen of the plaintiff's suit is something other than the denial of the IDEA's core guarantee—what the Act calls a 'free appropriate public education.'" Id., at *3, quoting § 1412(a)(1)(A).

These impairments substantially limit the major life activities of, *inter alia*, reading, writing, learning, concentrating, communicating, sitting, bending, and walking, and the operation of the major bodily functions of the brain, neurological system, and musculoskeletal system.

32. Plaintiff's disability results in (1) difficulty with sustained concentration and processing speed, (2) distractibility, and (3) difficulties with planning and organization. Plaintiff is an individual with a disability within the meaning of 42 U.S.C. § 12102.

33. Plaintiff was first diagnosed with his disabilities while he was in the third-grade, in 2002, and has been receiving the requested accommodations since then.

**FIRST CAUSE OF ACTION**
**Section 309 of the ADA**
**42 U.S.C. § 12189 and 28 C.F.R. § 36.309**

34. Plaintiff repeats paragraphs 1 through 33 as if fully set forth herein.

35. LSAC discriminated against Plaintiff on the basis of his disability by failing to administer the LSAT "in a place and manner accessible to persons with disabilities" in violation of 42 U.S.C. § 12189 and its implementing regulation, 28 C.F.R. § 36.309. Specifically, LSAC violated 42 U.S.C. § 12189 and 28 C.F.R. § 36.309 by:

> a) Failing to best ensure that when the LSAT is administered to an individual with a disability, the examination results accurately reflect the individual's aptitude or achievement level or whatever other factor the examination purports to measure, rather than reflecting the individual's disability, in violation of 42 U.S.C. § 12189 and 28 C.F.R.
>
> § 36.309(b)(1)(i);
>
> b) Making unreasonable requests for documentation to support Plaintiff's requests

9

for testing accommodations and unreasonably discounting expert doctors and qualified professionals' diagnosis, their documentations and their recommended accommodations, in violation of 42 U.S.C. § 12189 and 28 C.F.R. § 36.309(b)(1)(iv);

c) Failing to give considerable weight to Plaintiff's documentation of past testing accommodations received in similar testing situations, as well as testing accommodations provided in response to an IEP, when considering Plaintiff's requests for testing accommodations, in violation of 42 U.S.C. § 12189 and 28 C.F.R. § 36.309(b)(1)(v);

36. As a result of LSAC's unlawful policies or practices, Plaintiff incurred out of pocket losses, including unnecessary LSAT registration fees, preparation courses and study materials, and medical bills.

37. Also as a result of LSAC's unlawful policies or practices, Plaintiff has experienced pain and suffering, including: emotional distress, anxiety, frustration, humiliation, stigmatization, loss of dignity and self-esteem, and lost opportunity. Such lost opportunity includes, but is not limited to, chances for scholarship money/financial aid, career opportunities that are available via admission to and graduation from higher-ranking law schools, and delayed entry into a legal career.

**PRAYER FOR RELIEF**

38. **WHEREFORE**, Plaintiff John Doe prays that the Court:

A) Grant judgment in his favor and enjoin LSAC's discriminatory policies and practices as set forth in this Complaint that violate sections 302, 309, and 503 of the ADA, 42

10

U.S.C. §§ 12181 *et seq.*, 12203, and the Department of Justice's implementing regulation, 28 C.F.R. Part 36;

B) Enjoin LSAC, along with its officers, agents, and employees, and all others in concert or participation with them, from engaging in discriminatory policies and practices against individuals with disabilities, such as Plaintiff herein, and specifically from failing or refusing to ensure that the LSAT is administered in a manner accessible to Plaintiff under, 42 U.S.C. § 12181 *et seq.*, and the Department of Justice's implementing regulation, 28 C.F.R. Part 36;

C) Order compelling LSAC to approve Plaintiff's requested accommodations pursuant to 42 U.S.C. § 12189 by enjoining LSAC to provide accommodations where Plaintiff will take each Section of the LSAT, one day at a time, starting from 9am to 5pm, with a one hour lunchbreak, as well as providing a testing facility that has a distraction free area.

D) Award compensatory damages, including damages for pain and suffering, delay of legal education and career, as the result of LSAC's failure to comply with the requirements of title III and title V of the ADA, 42 U.S.C. § 12181 *et seq.*;

E) Award reasonable attorney's fees under 42 U.S.C. § 12205.

F) Order such other appropriate relief as the interests of justice may require.

Dated: September 15, 2017

Respectfully submitted,

/s/M. James Salem,
Counselor at Law
Attorney for Plaintiff
7156 West 127th Street, B-149
Palos Heights, IL. 60463
Tel. (708) 277-4775
salemlaw@comcast.net

11