IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17-cv-06656 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| LAW SCHOOL ADMISSION COUNCIL, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff's motion to proceed anonymously [27] is granted, subject to being reconsidered as the case progresses. While proceeding anonymously is generally disfavored, the decision is ultimately left to the discretion of a district court. *Doe v. Vill. of Deerfield*, 819 F.3d 372, 376–77 (7th Cir. 2016). "[T]he fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name, even though many people are understandably secretive about their medical problems." *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). A common enough disorder, that is not "a badge of infamy or humiliation in the modern world," would not justify proceeding anonymously. *Id*. And if records contain material that would be highly embarrassing to the average person yet somehow are pertinent to the suit, the material can be placed under seal. *Id.* But in the present suit, the parties' understanding of Plaintiff's condition and surrounding circumstances are still uncertain. Thus, for present purposes (and so that the docket will reflect the practice that the Court and the parties have been following to this point in the proceedings) Plaintiff's motion to proceed anonymously is granted. The Court will continue to evaluate the anonymity issue as the case develops and may reconsider this ruling at any time.

Dated: September 30, 2018

_____
Andrea R. Wood
United States District Judge